# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

SHAYNATHIAN R. HICKS, )
)
Petitioner, )
)
v. ) Case No. CIV 08-174-RAW-KEW
)
JAMES RUDEK, Warden, )
)
Respondent. )

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Oklahoma State Reformatory in Granite, Oklahoma, attacks his conviction in Atoka County District Court Case Number CF-2004-184 for Attempted Rape.[1] He sets forth the following grounds for relief:

I. The evidence was insufficient to support petitioner's conviction for Attempted Rape in the First Degree.

II. Petitioner's constitutional right to confront the witnesses against him at trial was denied by admission of preliminary hearing testimony of witnesses the court found "unavailable."

III. Petitioner was prejudiced by errors in instructing the jury.

IV. The prosecutor's misconduct denied petitioner a fair trial.

V. Petitioner was prejudiced by judicial bias in the trial.

---

[1] Petitioner also was convicted of Indecent Exposure, Injury of Minor Child, two counts of Transferring Fluid Upon a County Employee, and misdemeanor charges of Domestic Abuse in the Presence of a Minor and Resisting an Officer. The Indecent Exposure conviction was reversed on direct appeal. *Hicks v. State*, No. F-2005-1058 (Okla. Crim. App. Mar. 26, 2007).

VI. Petitioner was prejudiced by the trial court's erroneous instruction on punishment for Attempted First-Degree Rape.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

A. Petitioner's direct appeal brief.

B. The State's brief in petitioner's direct appeal.

C. Summary Opinion affirming petitioner's judgment and sentence. *Hicks v. State*, No. F-2005-1058 (Okla. Crim. App. Mar 26, 2007).

D. Original Record.

E. Transcripts of petitioner's preliminary hearing and trial proceedings.

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Even if a state court resolves a claim in a summary fashion with little or no reasoning, [the federal habeas court] owe[s] deference to the state court's result." *Paine v. Massie*, 339 F.3d 1194, 1198 (10th Cir. 2003).

**Ground I: Sufficiency of the Evidence**

Petitioner alleges in Ground I that the State failed to prove the elements of Attempted Rape. On direct appeal the Oklahoma Court of Criminal Appeals (OCCA) analyzed the claim "to determine whether the evidence, viewed in the light most favorable to the State, would permit any rational trier of fact to find the elements of the charged offense[] beyond a reasonable doubt." *Hicks v. State*, No. F-2005-1058, slip op. at 2-3 (citing *Speuhler v. State*, 709 P.2d 203-04 (Okla. Crim. App. 1985)). The claim was denied without explanation. *Hicks*, No. F-2005-1058, slip op. at 3.

"Sufficiency of the evidence can be considered to be a mixed question of law and fact." *Case v. Mondagon*, 887 F.2d 1388, 1392 (10th Cir. 1989), *cert. denied*, 494 U.S. 1035 (1990). In federal habeas review of a state court conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

The Supreme Court repeatedly has emphasized the deference the reviewing court owes to the trier of fact and "the sharply limited nature of constitutional sufficiency review." *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson*, 443 U.S. at 319). "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. The court must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993) (citing *United States v. Edmondson*, 962 F.2d 1535, 1548 (10th Cir. 1992)). "To be sufficient, the evidence supporting the conviction must be substantial; that is, it must do

more than raise a mere suspicion of guilt." *Beachum v. Tansy*, 903 F.2d 1321, 1332 (10th Cir.), *cert. denied*, 498 U.S. 904 (1990) (citing *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987)).

To determine whether there was sufficient evidence presented at trial to sustain petitioner's conviction, the court first must look to Oklahoma law for the elements required for the crime. *Jackson*, 443 U.S. at 324 n.16; *see also Torres v. Mullin*, 317 F.3d 1145, 1152 (10th Cir.), *cert. denied*, 540 U.S. 1035 (2003). The jury was instructed on the following elements of Attempted Rape, Okla. Stat. tit. 21, § 1115 (2002):

1. Specific intent to have sexual intercourse by force;

2. A perpetrating act toward rape; and

3. Apparent power to carry out an alleged threat at the time the threat was made.

Instruction No. 2-11 OUJI-CR 2d. (Supp. 2000) (O.R. 49).

C.S., the 16-year-old victim, testified that on November 29, 2004, he and petitioner were drinking whiskey, playing quarters, and listening to music at petitioner's sister's apartment (P.H. 33-36, 40). Petitioner got his sister's .22 pistol from her closet and showed it to C.S. (P.H 36). When petitioner returned the gun to his sister's room, he asked C.S. to come into the sister's room with him (P.H. 45). While C.S. was in the sister's room, petitioner turned off the lights and said, "It's all right, I'm bisexual," and that he was going to take C.S. "under his wing" (P.H. 37-38, 46). Petitioner approached C.S., and C.S. could see by the hall light that petitioner tried to grab C.S.'s hips in a sexual manner, as if he were trying to pull C.S.'s pants down (P.H. 38-39, 46-47). Petitioner, however, did not actually touch C.S.'s hips (P.H. 46-47, 49-50). C.S. said "No, we ain't going to go there," turned on the light, and went into the front room (P.H. 37, 47). Petitioner asked C.S. if C.S. minded

4

the light being turned off, and C.S. said he did mind (P.H. 37). Petitioner turned off the light anyway and told C.S. not to run, but C.S. turned the light on again and ran out the door (P.H. 37, 39, 47). Petitioner said he was going to rape C.S., C.S.'s girlfriend, and the girlfriend's sister (Tr. I 55; P.H. 37, 39, 47). C.S. ran out of the apartment but returned to try to get his girlfriend, the girlfriend's sister, and the girlfriend's two-year-old niece out of their upstairs apartment (P.H. 37, 39-40, 47). C.S. told his girlfriend to get her niece and go with him to the police, and they could return for the girlfriend's sister (P.H. 37). The girlfriend said that petitioner was in the apartment talking with the sister (P.H. 37). Petitioner then came out of the upstairs apartment and chased C.S., so C.S. ran across the street and called the police (P.H.37).

After careful review, the court finds the evidence was sufficient under the standard of *Jackson v. Virginia*. The record clearly reflects that petitioner's intent to rape C.S. is proven by his words and actions. He provided whiskey to C.S. before telling him he was "bisexual" and that he would "take him under his wing." Petitioner turned off the light, and when C.S. rejected the advances, petitioner reached toward C.S.'s hips in a sexual manner, as if he were attempting to pull down C.S.'s pants. He actually stated his intent to commit rape and had the apparent power to carry out the act. The OCCA's denial of this claim, therefore, was not contrary to or an unreasonable application of federal law, and the state court's decision was not based on an unreasonable determination of the facts in light of the evidence presented at trial. *See* 28 U.S.C. 2254(d). This ground for habeas corpus relief fails.

**Ground II: Confrontation of Witnesses**

Petitioner next alleges he was denied his constitutional right to confront the witnesses

5

against him at trial, when A.C.'s and C.S.'s preliminary hearing testimony was admitted over petitioner's objections. The OCCA found no constitutional violation and denied relief:

> [Petitioner] challenges the District Court's ruling that two prosecution witnesses were unavailable, and the resulting admission of their transcribed testimony from the preliminary examination. We find the District Court's ruling that the witnesses were unavailable supported by the record. The District Court's admission of the transcripts was not an abuse of discretion and did not deny [petitioner] his constitutional right to confront his accusers. *Barber v. Page*, 390 U.S. 719 (1968); *Primeaux v. State*, 88 P.3d 893 (Okla. Crim. App. 2004); *Crawford v. Washington*, 541 U.S. 36 (2004).

*Hicks*, No. F-2005-1058, slip op. at 3-4.

The record shows that C.S., the 16-year-old victim, and his 15-year-old girlfriend A.C testified under oath at the preliminary hearing, and they were extensively cross-examined by the same attorney who represented petitioner at trial. The Atoka County Sheriff testified that he sent a subpoena for C.S. to the police chief in Caddo, Oklahoma, based on information that C.S. was living in Caddo (Tr. I 17-18). The Caddo police were unable to locate C.S., and the subpoena was returned unserved. (Tr. I 18). The prosecutor also had the sheriff attempt to serve a subpoena on A.C. at her mother's house in Atoka County, but A.C. was not living with her mother at the time and could not be served. (Tr. I 19-20).

A.C.'s mother Anita Cooper testified that A.C. and C.S. were living in Wichita, Kansas, with C.S.'s father. (Tr. I 20-22). A.C. and C.S. did not have transportation from Kansas to attend the trial (Tr. I 21).

*Crawford v. Washington*, 541 U.S. 36 (2004), held that the Confrontation Clause prohibits admission of testimonial hearsay, unless the declarant is unavailable and there was a prior opportunity for cross-examination. *Id.*, 541 U.S. at 68. While the *Crawford* court declined to define "testimonial," it indicated it includes, at a minimum, prior testimony at a

6

preliminary hearing, before a grand jury, at a former trial, and statements made during police interrogations. *Id.* The Tenth Circuit Court of Appeals has upheld the use of prior testimony at trial under *Crawford*, where the witness was unavailable for trial but was subject to cross-examination in the prior proceeding.

The record shows that A.C. and C.S. were unavailable at trial. The prosecutor attempted to subpoena them before the trial, and the Atoka County Sheriff testified that, based on information about their location, he sent subpoenas to the appropriate sheriffs, but the two witnesses could not be located. Based on these facts, the court finds the State exercised due diligence in attempting to secure the presence of the two witnesses at trial. Therefore, their prior sworn testimony from the preliminary hearing, when they were cross-examined by petitioner's counsel, was admissible under *Crawford*. Furthermore, the OCCA's determination of this issue was consistent with federal law. Ground II of the petition fails.

**Ground III: Jury Instructions**

Petitioner claims in Ground III that the trial court erred in failing to define "perpetrating act" and in failing to instruct on the lesser offenses of simple assault and assault with intent to commit rape. The respondent argues the evidence did not support such instructions. On direct appeal the OCCA found no error:

> [Petitioner] argues that errors in the instructions to the jury denied [him] a fair trial. [He] has waived all but plain error by failing to object to the instructions at trial. *Simpson v. State*, 876 P.2d 690 (Okla. Crim. App. 1994). Jury instructions are committed to the sound discretion of the District Court. *Dill v. State*, 122 P.3d 866, 869 (Okla. Crim. App. 2005). We consider the jury instructions as a whole to determine whether they fairly and accurately state the law. *Ashinsky v. State*, 780 P.2d 201 (Okla. Crim. App. 1989). [Petitioner] fails to show plain error in the District Court's instructions to the

7

jury. This proposition is waived.

*Hicks*, No. F-2005-1058, slip op. at 4.

The respondent asserts this claim involves an issue of state law which is not cognizable in federal habeas corpus.

> In a habeas corpus proceeding attacking a state court judgment based on an erroneous jury instruction, a petitioner has a great burden. *Lujan v. Tansy*, 2 F. 3d 1031, 1035 (10th Cir. 1993), *cert. denied*, 510 U.S. 1120 (1994). A state conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial. *Shafer v. Stratton*, 906 F.2d 506, 508 (10th Cir. 1990), *cert. denied*, 498 U.S. 961 (1990). "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (footnote omitted). The question in this proceeding is not whether the instruction is "undesirable, erroneous, or even 'universally condemned,'" but whether the instruction so infected the trial that the resulting conviction violates due process. *Id.* (quoting *Cupp v. Naughten*, 414 U.S. 141, 146 (1973)). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Id.* at 155. The degree of prejudice from the instruction error must be evaluated in the context of the events at the trial. *United States v. Frady*, 456 U.S. 152, 169 (1982).

*Maes v. Thomas*, 46 F. 3d 979, 984 (10th Cir.), *cert. denied*, 514 U.S. 1115 (1995).

Regarding the trial court's failure to define "perpetrating act," the court notes petitioner did not object to any of the instructions as given. Furthermore, the court finds the term "perpetrating act" is a term of common understanding and ordinary usage that did not require further definition for the jury under Oklahoma law. *See Lott v. State*, 98 P.3d 318, 349 (Okla. Crim. App. 2004) (holding the trial court was not required to define commonly understood term), *cert. denied*, 544 U.S. 950 (2005). Furthermore, nothing in the record

8

indicates the instructions were improper or that the fundamental fairness of the trial was undermined by the court's failure to define this phrase.

Petitioner also claims he should have received an instruction for the crime of assault with the intent to commit a felony (rape) under Okla. Stat. tit. 21, § 681, as a "lesser offense" of attempted rape under Okla. Stat. tit. 21, § 42. Both sections 681 and 42 are general statutes, however, and "[t]he charging part of the information must be looked to determine the character of the offense." *Ex parte Smith*, 246 P.2d 389, 370 (Okla. Crim. App. 1952). The OCCA has long held that attempted rape "includes every element of the crime of rape except its accomplishment." *Kitchen v. State*, 92 P.2d 860, 864 (Okla. Crim. App. 1939). To prove attempted rape, the State must prove intent to rape and actual effort to carry out that purpose. *Matthews v. State*, 218 P.2d 393, 396 (Okla. Crim. App. 1950). The Tenth Circuit Court of Appeals has held that "the availability of a lesser included offense instruction in a state criminal trial is a matter of state law." *Darks v. State*, 327 F.3d 1001, 1008 (10th Cir.), *cert. denied*, 540 U.S. 968 (2003). "[A] petitioner in a non-capital case is not entitled to habeas relief for the failure to give a lesser-included offense instruction, 'even if in our view there was sufficient evidence to warrant the giving of an instruction on a lesser included offense.'" *Lujan v. Tansy*, 2 F.3d 1031, 1036 (10th Cir. 1993) (quoting *Chavez v. Kerby*, 848 F.2d 1101, 1103 (10th Cir. 1988)), *cert. denied*, 510 U.S. 1120 (1994).

Here, the court finds petitioner has failed to show that the OCCA's determination regarding the jury instructions was contrary to, or an unreasonable application of, federal law. 28 U.S.C. § 2254(d). This was an interpretation by a state court of a state law issue. The claim is meritless.

**Ground IV: Prosecutorial Misconduct**

9

Petitioner alleges in Ground IV that he was denied a fair trial, when the prosecutor injected his own testimony and attacked defense counsel within the jury's hearing. Petitioner complained on direct appeal that the prosecutor (1) injected facts not in evidence and repeatedly attacked defense counsel's veracity, (2) commented on the defense's failure to present witnesses and tried to shift the burden of proof to the defense, (3) resorted to gender bias in closing argument, (4) misstated the law in closing argument, and (5) used leading questions in direct examinations. The OCCA found no basis for relief:

> [Petitioner] argues prosecutorial misconduct denied him a fair trial. We have reviewed the alleged instances of prosecutorial misconduct and most are waived by failure to object. The prosecutor's arguments to the jury consisted mainly of fair comments and reasonable inferences based in the evidence. Reversal is a proper remedy when grossly improper and unwarranted argument affects a defendant's rights. *Coates v. State* 137 F.3d 682 (Okla. Crim. App. 2006). Such was not the case in this trial.

*Hicks*, No. F-2005-1058, slip op. at 4.

> In a habeas corpus action, claims of prosecutorial misconduct are reviewed only for a violation of due process. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986). "[N]ot every trial error or infirmity which might call for application of supervisory powers correspondingly constitutes a failure to observe that fundamental fairness essential to the very concept of justice." *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974) (citations and quotations omitted). In order to be entitled to relief, [petitioner] must establish that the prosecutor's conduct or remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* at 643. This determination may be made only after considering all of the surrounding circumstances, including the strength of the state's case. *See Darden*, 477 U.S. at 181-82.

*Malicoat v. Mullin*, 426 F.3d 1241, 1255 (10th Cir. 2005), *cert. denied*, 547 U.S. 1181 (2006).

Petitioner complains the prosecutor attempted to inflame the jury by misstating the

evidence and defense counsel's opening statement. The State asserted on direct appeal that this was the prosecutor's recollection of the evidence, in a case with numerous witnesses with varying recollections of the events. The trial court correctly admonished the jury that this was argument (Tr. II 53), and this court finds petitioner has failed to show he was prejudiced by the prosecutor's statements.

Petitioner next complains that the prosecutor attempted to shift the burden of proof to the defense by arguing that the evidence was "uncontroverted," and petitioner had not presented any witnesses. This was a correct statement of the evidence and did not shift the burden of proof to the petitioner. Prosecutors are entitled to argue the evidence, and in Oklahoma, "when no evidence has been offered by the defense on a particular issue, it may be fairly said that the evidence is undisputed, uncontradicted or unrefuted." *Lewis v. State*, 732 P.2d 1, 3 (Okla. Crim. App. 1987) (citing *Hays v. State*, 617 P.2d 223, 230 (Okla. Crim. App. 1980); *see also Myers v. State*, 133 P.3d 312, 329 (Okla. Crim. App. 2006).

Petitioner also argues that the prosecutor engaged in gender bias by asking the jurors, especially the male jurors, how a normal 16-year-old boy with a girlfriend would respond to an adult man saying he was going to try to have sex with the boy (Tr. II 27). The prosecutor suggested such a boy would react "with fury" (Tr. II 27). The prosecutor also asked the jury to consider why a 16-year-old boy with a girlfriend would fabricate a story of attempted homosexual rape, suggesting it was unlikely (Tr. II 27-28). Under Oklahoma law, prosecutors are allowed to ask the jury to apply their common sense in evaluating the evidence. *Harris v. State*, 13 P.3d 489, 499 (Okla. Crim. App. 2000), *cert. denied*, 532 U.S. 1025 (2001). Likewise, the Tenth Circuit consistently has held that the prosecutor is entitled to make fair comments on the evidence in the record. *Hooper v. Mullin*, 314 F.3d 1162, 1172

11

(10th Cir. 2002), *cert. denied*, 540 U.S. 838 (2003).

Regarding comments on the petitioner's right to call witnesses, there was no shift in the burden of proof. The record shows that the prosecutor told the jury, "They don't have any burden of proof . . . ." (Tr. II 56). Notwithstanding the prosecutor's statement that petitioner had no burden of proof, the OCCA consistently has held that comments on the petitioner's access to evidence and his right to call witnesses is permissible argument. *Pickens v. State*, 19 P.3d 866, 880 (Okla. Crim. App. 2001).

Finally, petitioner complains the prosecutor asked leading questions of his witnesses. Leading questions are proper to establish preliminary matters, and are a matter of the discretion of the trial court. *Powell v. State*, 995 P.2d 510, 529 (Okla. Crim. App. 2000). Defense counsel did not object at trial to most of the offending leading questions, and he has no shown how he was prejudiced by the use of leading questions.[2]

After careful review of the record and consideration of the surrounding circumstances and the strength of the State's case, the court finds petitioner has failed to show the prosecutor's conduct or remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly*, 416 U.S. at 643. The court further finds the OCCA's decision on this issue was not contrary to, or an unreasonable application of, federal law, and the OCCA's determination was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

**Ground V: Judicial Bias**

Petitioner claims the trial court's rulings and omissions prevented him from presenting

---

[2] Petitioner's argument regarding his conviction for indecent exposure is moot, because the OCCA reversed that conviction.

12

a defense and allowed the prosecutor to attack defense counsel and Mr. Hicks throughout the trial. The OCCA found this claim was "fanciful, if not frivolous" and denied relief. *Hicks*, No. F-2005-1058, slip op. at 3-4.

The Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Litely v. United States*, 510 U.S. 540, 555 (1994). Moreover, questions of judicial bias generally are not constitutional issues. *Bracey v. Gramley*, 520 U.S. 899, 904 (1997).

The respondent points out that petitioner did not request recusal of the trial judge, and under Oklahoma law the issue of judicial bias for appellate review is waived for all but plain error. *Alexander v. State*, 48 P.3d 110, 114 (Okla Crim. App. 2002). As set forth above, the conduct of the prosecutor and the rulings of the trial court were proper, so petitioner has not demonstrated bias against him by the trial judge.

Evidence that petitioner was intoxicated did not rise to the level of a defense, and the evidence showed he was not so intoxicated that he could not form specific intent to commit the crimes. In addition, petitioner has not shown what specific defense he intended to present or how the trial court prevented him from presenting the desired defense.

The court finds petitioner has failed to demonstrate actual judicial bias or even the appearance of bias. He also has not shown any denial of due process by the trial court. Petitioner's disagreement with the trial court's rulings is not proof of bias. The OCCA's determination of this claim was consistent with federal law, and habeas relief cannot be granted.

**Ground VI: Sentencing Instruction**

Finally, petitioner alleges he was prejudiced by the trial court's erroneous instruction

on the punishment for attempted first-degree rape. The OCCA found that the mistake in the instruction did not warrant relief on direct appeal.

> [Petitioner] shows . . . that the District Court instructed on an improper range of punishment. The District Court erred by instructing the jury that the range of punishment for attempted rape was not less than two and one-half (2 1/2) years. The correct minimum punishment for attempted rape is not less than five (5) years imprisonment, the same as the punishment for completed rape. Okla. Stat. tit. 21, § 42(1). The instructions also set no maximum punishment, though section 42(1) limits the available sentence to one-half (1/2) the maximum punishment for the completed offense. The maximum punishment for rape is life imprisonment. Okla. Stat. tit. 21, § 1115 (2002).
>
> [Petitioner] fails to show cause for reversal. The incorrect instruction on the minimum punishment could not have prejudiced [petitioner]; if anything, the instruction suggested the crime of attempted rape is less serious and punishable by a lesser term than it actually is. The failure to fix an upper range of punishment did not prejudice [him], either. The charge of injury to a minor child also carried up to life imprisonment, yet the jury chose ten (10) years for that offense as well, indicating that the jury was not influenced in either the attempted rape or injury to a minor child convictions by the unlimited upper range of punishment given in the instructions. The jury chose sentences at the low end of the authorized range in both cases. [Petitioner] has not shown that the misdirection of the jury here probably resulted in a miscarriage of justice or denied a substantial statutory or constitutional right. Okla. Stat. tit. 20, § 3001.1. [The proposition] is denied.

*Hicks*, No. F-2005-1058, slip op. at 4-5.

Sentencing issues are matters of state law generally not cognizable in federal habeas corpus proceedings. *See Johnson v. Cowley*, 40 F.3d 341, 345 (10th Cir. 1994). A petitioner is not entitled to habeas relief if the sentence imposed is within the statutory limitations. *Dennis v. Poppell*, 222 F.3d 1245, 1258 (10th Cir. 2000), *cert. denied*, 534 U.S. 887 (2001).

Here, the OCCA's determination of this state-law claim was based on interpretation of state law, and the sentence was within the statutory limitations. "[I]t is not the province

of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1995) (per curium)). The OCCA's decision was consistent with federal law. This ground for habeas corpus relief also fails.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 29th day of June 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE